UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Gregory D. Reynolds,**

                            **Plaintiff,**

              **-v-**                            **5:07-CV-226 (NAM/GHL)**

**Daniel Gonzales,**

                            **Defendant.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Wiggins, Kopko & Crane, LLP
Edward E. Kopko, Esq., of counsel
308 North Tioga Street
Ithaca, New York 14850
and
Guttman & Wallace
Richard M. Wallace, Esq., of counsel
411 North Tioga Street
Ithaca, New York 14850
Attorneys for Plaintiff

Office of University Counsel, Cornell University
Nelson E. Roth, Esq., of counsel
Norma Weatherly Schwab, Esq., of counsel
Valerie L. Dorn, Esq., of counsel
Wendy E. Tarlow, Esq., of counsel
300 CCC Building
Garden Avenue
Ithaca, New York 14853
Attorneys for Defendant

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

In this action under 42 U.S.C. § 1983, plaintiff claims that defendant, a police officer employed by Cornell University, violated his Fourth Amendment right to be free from false arrest, malicious prosecution, and abuse of process. The claims stem from defendant's arrest of

plaintiff and Anthony N. Potenza (Case No. 5:07-CV-225) for disorderly conduct outside the Lynah Rink at Cornell University at the beginning of an ice hockey game on January 16, 2004, and the ensuing prosecution in Ithaca City Court. On June 3, 2004, Ithaca City Judge Judith A. Rossiter found plaintiff "not guilty of Disorderly conduct as charged."[1]

Defendant moves (Dkt. No. 10) under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint on various grounds. To withstand a Rule 12(b)(6) motion, a complaint must allege "'enough facts to state a claim for relief that is plausible on its face.'" *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1974 (2007)). Stated otherwise, the factual allegations must be "sufficient to raise a right to relief above the speculative level." *Reddington v. Staten Is. Univ. Hosp.*, 511 F.3d 126, 131 (2d Cir. 2007) (citation and internal quote omitted). The Court finds plaintiff's complaint meets this standard.

Defendant first contends the complaint must be dismissed because as a matter of law he was not acting under color of state law. The complaint alleges that defendant was "a police officer employed by Cornell University." In moving to dismiss, defendant cites to cases holding that Cornell University is not a state actor; however, Cornell University is not the defendant. It is undisputed that defendant was appointed a special deputy sheriff under section 5709(1) of the New York Education Law; as such, within university premises, he had the powers of a peace officer as set forth in section 2.20 of the New York Criminal Procedure Law. The complaint adequately pleads that defendant was acting under color of state law. *See Schindler v. French*,

---

[1] After a bench trial, Judge Rossiter found plaintiff "not guilty of Disorderly conduct as charged, on the grounds of lack of evidence of any public, as opposed to private, disturbance." Judge Rossiter observed that New York Penal Law § 240.20 proscribes behavior "of a public rather than individual dimension[,]" *see People v. Munafo*, 50 N.Y.2d 326, 330-31 (1980), and found there was "no evidence presented that any members of the public were attracted by the conduct that occurred outside the rink, which is the only unlawful conduct charged within the accusatory instruments."

232 Fed.Appx. 17, 19 (2d Cir. 2007) (finding sufficient allegation of state action where complaint claimed defendants acted as duly authorized peace officers and exercised authority conferred by state law by virtue of their status as peace officers).

Defendant also contends the complaint must be dismissed because as a matter of law defendant had probable cause to arrest plaintiff for disorderly conduct, and therefore plaintiff cannot prove false arrest, malicious prosecution, or abuse of process.  The complaint alleges that defendant lacked probable cause and refers to Judge Rossiter's dismissal of the disorderly conduct charge; this is enough to state a plausible claim for relief.  Further, assuming without deciding that Judge Rossiter's decision, the accusatory instrument, and other documents from plaintiff's criminal file, were properly included in defendant's motion papers, they do not establish that defendant is entitled to dismissal under Rule 12(b)(6).

It is therefore

ORDERED that defendant's motion (Dkt. No. 10) is denied.

IT IS SO ORDERED.

September 29, 2008
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge