UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY N. POTENZA,

                        Plaintiff,

v.                                                     5:07-CV-0225
                                                           (NAM/GHL)

DANIEL GONZALES,

                        Defendant.
_____

GREGORY D. REYNOLDS,

                        Plaintiff,

v.                                                     5:07-CV-0226
                                                          (NAM/GHL)

DANIEL GONZALES,

                        Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| WIGGINS & KOPKO, LLP<br>Counsel for Plaintiffs<br>308 North Tioga Street<br>Ithaca, NY 14850 | EDWARD E. KOPKO, ESQ. |
| GUTTMAN & WALLACE LAW FIRM<br>Counsel for Plaintiffs<br>411 North Tioga Street<br>Ithaca, NY 14850 | RICHARD M. WALLACE, ESQ. |
| OFFICE OF UNIVERSITY COUNSEL<br>Counsel for Defendant<br>Cornell University<br>300 CCC Building<br>Garden Avenue<br>Ithaca, NY 14853 | NELSON E. ROTH, ESQ.<br>NORMA WEATHERLY SCHWAB, ESQ.<br>VALERIE L. DORN, ESQ.<br>WENDY E. TARLOW, ESQ. |

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION

    The Plaintiff in each of the above cases has sued the Defendant, pursuant to 42 U.S.C. §

1983, for alleged Fourth Amendment violations. Dkt. No. 4.[1]  The Complaint alleges that the Defendant was "a police officer employed by Cornell University," and in that capacity he caused each Plaintiff to be falsely arrested, maliciously prosecuted, and subjected to abuse of process under color of law, allegedly for disorderly conduct, in violation of New York Penal Law § 240.20(1).  *Id.*

The conduct at issue occurred on January 16, 2004, during a hockey game at Cornell University's Lynah Rink.  An usher at the Rink reported that the Plaintiffs presented him with tickets for a section of the Rink other than the section in which they were attempting to sit and that they "had the odor of alcohol, speech was slurred, and could not walk straight."  Dkt. No. 35-3, at 32.[2]  He reported this to the Defendant (*id.*), who confronted Plaintiffs and made similar observations.  Dkt. No. 35-3, at 30.  According to the Defendant the Plaintiffs became uncooperative, abusive and threatening, and he then arrested them.  *Id.*  The Plaintiffs' versions of the events are directly contrary to that of the Defendant.

Following his arrest on January 16, 2004, Plaintiff Reynolds was interviewed by the Cornell University Police, and the interview was videotaped.  A copy of the videotape was provided by the University to the Tompkins County District Attorney, who in turn provided a copy to Attorney Richard M. Wallace, who represented the Plaintiffs in connection with the disorderly conduct charge and who is co-counsel for them in the instant civil actions.  The videotape now cannot be located, and this has led to the two motions pending before the Court.

In an affidavit Mr. Wallace states: "Although I have made repeated diligent searches for this

---

[1] The docket that will be referenced throughout this Report-Recommendation will be for case number 07-CV-226.

[2] The page references in this Report-Recommendation are those assigned by the electronic filing system.

2

videotape, I am unable to find it and cannot explain its disappearance." Dkt. No. 40-1, at 2, ¶ 9. Both Plaintiffs testified that they watched the videotape at Mr. Wallace's office. Dkt. No. 35-4, at 15 and 36. Plaintiff Potenza testified that this occurred after the criminal trial on the disorderly conduct charge had concluded. Dkt. No. 35-4, at 15. Plaintiff Reynolds testified that he intended to sue the Defendant from the moment of his arrest, and that he discussed this with Mr. Wallace. Dkt. No. 35-4, at 35. Based upon the foregoing, the Defendant seeks sanctions[3] for alleged spoliation of evidence. Dkt. No. 35.

Plaintiffs oppose this motion (Dkt. No. 40), but also seek to have the Defendant sanctioned for spoliation of evidence, based upon the following events. Dkt. No. 36. In a letter dated May 27, 2004, addressed to Cornell University's Safety Division Records Department, Mr. Wallace stated:

> Alternatively, I have sent a letter to the District Attorney responsible for prosecuting this matter in Ithaca City Court and have asked him to deliver the tape, or a copy thereof. In the event Mr. Bonavia delivers a copy only, by this letter I hereby request that you retain and preserve the original and take no steps to destroy or dispose of it without a minimum of 60 days advance written notice to the undersigned.

Dkt. No. 35-3, at 47. Close to three years later, on February 5, 2007, the tape held by Cornell was destroyed by Charles Alridge, who was the University's Police Evidence Custodian. Dkt. No. 35-8, at 1, ¶1. In an affidavit Mr. Alridge asserts that this was carried out pursuant to a standard practice with regard to purging evidence from cases that the Tompkins County District Attorney had confirmed were closed. Dkt. No. 35-8. The instructions from the District Attorney were to "dispose" of evidence from the disorderly conduct case. Dkt. No. 35-8, at 12.

---

[3] The Second Circuit recently discussed, but did not resolve, whether Magistrate Judges have the authority to issue orders sanctioning attorneys pursuant to Rule 11 of the Federal Rules of Civil Procedure. *Kiobel v. Millson*, ___ F.3d ___, Docket No. 07-3903-cv, 2010 WL 46785 (2d Cir. Jan. 8, 2010).

The Court recommends denial of the Plaintiffs' motion and granting of the Defendant's motion. The Court further recommends that an appropriate sanction against Plaintiffs is an adverse inference instruction.

## DISCUSSION

Spoliation of evidence is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Byrnie v. Town of Cromwell*, 243 F.3d 93, 107 (2d Cir. 2001). A federal district court may impose sanctions for spoliation, exercising its inherent power to control litigation. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). Sanctions for the spoliation of evidence serve "a threefold purpose of (1) deterring parties from destroying evidence; (2) placing the risk of an erroneous evaluation of the content of the destroyed evidence on the party responsible for its destruction; and (3) restoring the party harmed by the loss of evidence helpful to its case to where the party would have been in the absence of spoliation." *Byrnie*, 243 F.3d at 107.

Before a court may sanction a party for spoliation of evidence, the moving party must show that (1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the party having control over the evidence acted with a culpable state of mind; and (3) the missing evidence is relevant to the moving party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. *Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).

### A. Defendant's Motion

The Plaintiffs' attorney had possession of the videotape and he did so after at least Plaintiff Reynolds had discussed with him his intention to sue. Therefore counsel had an obligation to

preserve the videotape.

The next issue is whether counsel, in failing to preserve the tape, acted with the requisite state of mind. Prior to 2002, "[t]he law in this circuit [was] not clear on what state of mind" was sufficiently culpable. *Byrnie v. Town of Cromwell*, 243 F.3d 93, 107-08 (2d Cir. 2001). At various times, the Second Circuit had required showings that the party intentionally destroyed evidence, that the party had acted in bad faith, and that the party acted with gross negligence. *Id.* In *Residential Funding Corp. v. DeGeorge Financial Corp.*, *supra*, at 108, the Second Circuit held that even simple negligence was a sufficiently culpable "state of mind." Given counsel's candid acknowledgment that he "cannot explain [the tape's] disappearance" (Dkt. No. 40-1, at 2, ¶ 9), the "state of mind" requirement is met.

Finally, I find that a reasonable trier of fact could conclude that the tape would support the Defendant's defense. Plaintiff's counsel himself states:

> Based on my recollection of the video . . . the video merely shows Reynolds sitting in the Cornell University police station showing no signs of intoxication and being, at most, *mildly incorrigible.*

*Id.*, at 3, ¶ 11 (emphasis added). "Incorrigible" is defined as "bad beyond the possibility of correction or rehabilitation; utterly bad or depraved." Webster's Third New International Dictionary 1145 (2002). A reasonable trier of fact certainly could conclude that the Defendant had probable cause to arrest, for disorderly conduct, a person who was "mildly incorrigible." Contrary to Plaintiffs' argument (Dkt. No. 39, at 2), whether Reynolds was "mildly incorrigible" following his arrest is relevant to his conduct at the time of the arrest.[4]

---

[4] Plaintiffs also argue that since the Defendant never viewed the videotape, he cannot know whether it supports his defense. Dkt. No. 39, at 7. As previously noted, if the tape reflected Reynolds being "mildly incorrigible," it would support Gonzales' defense.

5

### B. Plaintiffs' Motion

The short answer to Plaintiffs' motion is that they do not even claim, not to mention offering evidence in support of such a claim, that the Defendant ever had control over the videotape or that he knew of or played any role whatsoever in its destruction. I therefore recommend that the Plaintiffs' motion be denied.

Accordingly, it is

RECOMMENDED, that the Defendant's motion for sanctions (Dkt. No. 35) be granted and that an adverse inference instruction be given in favor of Defendant; and it is further

RECOMMENDED, that the Plaintiffs' motion for sanctions (Dkt. No. 36) be denied.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 20, 2010
Syracuse, New York

_George H. Lowe_
George H. Lowe
United States Magistrate Judge